IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS D. RODGERS, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:08-CV-0962-N (BH) |
| ) | ECF |
| FAMILY AND FRIENDS, et al., ) | Referred to U.S. Magistrate Judge |
|     Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

On June 6, 2008, the Court received a mostly indecipherable filing from plaintiff. On June 10, 2008, the Court issued a Notice of Deficiency and Order advising plaintiff that his pleading was not in compliance with Fed. R. Civ. P. 8(a). It granted him thirty days to cure the deficiency and warned him that the failure to do so may result in the dismissal of this action pursuant to Fed. R. Civ. P. 41(b). Plaintiff thereafter filed four documents under seal, including an amended complaint. The amended complaint, however, does not comply with Rule 8(a) in that it has no "short and plain statement of the grounds upon which the court's jurisdiction depends"; no "short and plain statement of the claim showing that the pleader is entitled to relief"; and no "demand for judgment for the relief the pleader seeks." Plaintiff has also recently filed a motion to amend, but fails to comply with procedural requirements for such amendment, and provides no indication that a second amended complaint will correct the deficiencies noted in the Notice of Deficiency and Order.

No process has been issued in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Order of June 10, 2008, that he file an amended complaint that complies with Fed. R. Civ. P. 8(a) within thirty days. The filed amended complaint exhibits a disregard for the order of this Court or an inability to comply with the procedural requirements of Rule 8(a). In either case, the Court should dismiss this action pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to comply with the June 10, 2008 order. The recent motion to amend provides no basis to believe that a second amended complaint will correct the noted deficiencies.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for the failure of plaintiff to comply with an order of the Court.

**SIGNED this 29th day of July, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE